Matter of Erik LL. (2024 NY Slip Op 01957)

Matter of Erik LL.

2024 NY Slip Op 01957

Decided on April 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 11, 2024

536174
[*1]In the Matter of Erik LL., Alleged to be an Incapacitated Person. Mental Hygiene Legal Service, Respondent; Erik LL., Respondent. Erika C., Appellant.

Calendar Date:February 23, 2024

Before:Garry, P.J., Aarons, Lynch, Fisher and Mackey, JJ.

Erika C., Schenectady, appellant pro se.
Sheila E. Shea, Mental Hygiene Legal Service, Albany (Shannon L. Stockwell of counsel), for Mental Hygiene Legal Service, respondent.

Lynch, J.
Appeal from an order of the Supreme Court (Robert J. Muller, J.), entered July 27, 2022 in Schenectady County, which, in a proceeding pursuant to Mental Hygiene Law article 81, denied Erika C.'s motion to terminate respondent's guardianship.
Respondent, a 29-year-old individual with special needs, has been residing in a group home licensed by the Office for People with Developmental Disabilities since 2012. After Erika C., respondent's mother (hereinafter the mother), allegedly announced her intent to remove respondent from the group home and into her residence, petitioner commenced this Mental Hygiene Law article 81 proceeding seeking to appoint a guardian for respondent. Following a virtual hearing, Supreme Court issued an order in March 2022 appointing respondent's father as his guardian with the authority to choose his residence. Since the appointment, the father has kept respondent in the group home. A few days after the guardianship appointment, the mother moved for an order placing respondent in her care, alleging that he had been subjected to abuse at the group home and had expressed his desire to live with her. By order entered July 27, 2022, Supreme Court denied the mother's application, finding that she had "not set forth sufficient legal or factual grounds for a modification or reversal" of the March 2022 order. The mother appeals.
At the outset, we recognize that the mother is sincere in her beliefs and appears genuinely concerned for her son's welfare. Nonetheless, her application does not make the requisite legal showing, for multiple reasons. As the mother did not perfect an appeal from the March 2022 order, she may not directly challenge the initial appointment of the father as respondent's guardian. Instead, we interpret the mother's application as seeking relief pursuant to provisions of the Mental Hygiene Law. There is no claim made that the father failed to comply with his obligations under the appointment order, and thus the application does not trigger the removal provisions of section 81.35; instead, we interpret the mother's application as seeking relief pursuant to Mental Hygiene Law § 81.36, to terminate the father's guardianship or to modify his authority so that respondent may reside with the mother.
Mental Hygiene Law § 81.36 authorizes a court to discharge a guardian or modify the guardian's powers where "the incapacitated person has become able to exercise some or all of the powers necessary to provide for personal needs" or "for some other reasons
. . . the guardian is no longer necessary . . . or the powers of the guardian should be modified based upon changes in the circumstances of the incapacitated person" (Mental Hygiene Law § 81.36 [a] [1], [4]). Upon such an application, "the burden of proof shall be on the person objecting to such relief" (Mental Hygiene Law § 81.36 [d]). The defining point here is that the mother's moving affidavit was signed just four days after the appointment order was issued. No change [*2]in circumstances is identified in that four-day window. Instead, the affidavit asserts that respondent requested to be released from the home "over a year ago," and no time frame is provided for the other factual statements made in the application. Under these circumstances, we agree with Supreme Court that as a threshold matter the mother's application failed to set forth a sufficient legal or factual basis to modify or terminate the March 2022 guardianship order. That is all the more so given the significant record evidence demonstrating respondent's inability to provide for his own personal needs (see Mental Hygiene Law §§ 81.02 [a] [1]; 81.22).
Garry, P.J., Aarons, Fisher and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.